**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) | Case No. 12-20050 |
| **GEORGE HALDES,** | ) | Hon. Janet S. Baer |
|  | ) | Hearing Date:  May 24, 2016 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

To:   See Attached Service List

PLEASE TAKE NOTICE THAT on **Tuesday, May 24, 2016 at 9:30 a.m.,** we shall appear before the Honorable Janet S. Baer, or any other Judge sitting in her stead in Courtroom No. 615, 219 South Dearborn, Chicago, Illinois, at which time we shall present **MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE,** a copy of which is attached hereto a served upon you, and shall pray for the entry of an order in conformity with said pleading, at which time and place you may appear if you so see fit.

**GEORGE HALDES,** Debtor

By:   /s/ Ariel Weissberg
One of his attorneys


Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 06314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois  60605
T.  312-663-0004
F.  312-663-1514
Email: ariel@weissberglaw.com

## **CERTIFICATE OF SERVICE**

I, Ariel Weissberg, an attorney, hereby certify that on April 25, 2016, I caused **MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE** to be filed electronically. Notice of this filing was sent by the court's ECF electronic transmission to all parties registered to receive such notices, including to the following parties:

Kevin A Ameriks, Esq. on behalf of Creditor, Bridgeview Bank Group
kevin.ameriks@bridgeviewbank.com

Peter C Bastianen, Esq. on behalf of Creditor, Citimortgage, Inc.
ND-Four@il.cslegal.com

Peter C Bastianen, Esq. on behalf of Creditor, Second Federal Savings
ND-Four@il.cslegal.com

Richard A Bixter, Esq. on behalf of Creditor, MetroBank
richard.bixter@hklaw.com

Francisco Connell, Esq. on behalf of Creditor, Urban Partnership Bank
fconnell@chuhak.com

Toni Dillon, Esq. on behalf of Creditor, Fifth Third Mortgage Company
tdillon@atty-pierce.com

Kathryn E Kelly, Esq. on behalf of Creditor, United States of America, Department of the Treasury, Internal Revenue Service
kathryn.e.kelly@irscounsel.treas.gov

Patrick S Layng, Esq.
USTPRegion11.ES.ECF@usdoj.gov

Melanie Pennycuff, Esq. on behalf of Creditor, First Kenmore Condominium Association
Kreislerlaw@hotmail.com, pennycuffecf@gmail.com

Adam B. Rome, Esq. on behalf of Creditor, Bridgeview Bank Group and Burling Dickens Sheffield Real Estate Investors, LLC
arome@grglegal.com

and on the following parties, who are not CM/ECF participants, by placing true and correct copies in sealed envelopes with postage thereon fully prepaid, in the United States mail in Chicago, Illinois on April 26, 2016, addressed as set forth below:

Illinois Department of Revenue
Bankruptcy Section, Level 7−425
100 W. Randolph Street
Chicago, IL  60606
**By First Class U.S. Mail**

District Director
Internal Revenue Service
230 S. Dearborn St., Room 2890
Chicago, IL  60604
**By First Class U.S. Mail**

District Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606
**By First Class U.S. Mail**

Kathryn Keneally
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC  20044
**By First Class U.S. Mail**

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346
**By First Class U.S. Mail**

U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604
**By First Class U.S. Mail**

Legal Department -- Legal Services Office MC5-500
Illinois Department of Revenue
101 West Jefferson
Springfield, IL  62794
**By First Class U.S. Mail**

City of Chicago
c/o Markoff Krasny LLC
29 N. Wacker Dr. #500
Chicago, IL 60606-3227
**By First Class U.S. Mail**

Discover Financial
Attn: Bankruptcy Dept.
P.O. Box 3025
New Albany, OH 43054-3025
**By First Class U.S. Mail**

Hoevel and Associates
3725 N. Western Ave.
Chicago, IL 60618-4705
**By First Class U.S. Mail**

Johnson Welded Products
625 S. Edgewood Ave.
Urbana, OH 43078-8600
**By First Class U.S. Mail**

Mercedes Benz of Chicago
c/o ESM Enterprises
P.O. Box 11128
Pensacola, FL 32524-1128
**By First Class U.S. Mail**

Miles Todero
28 B Wagner Drive
Northlake, IL 60164
**By First Class U.S. Mail**

Northstar Trust Co
500 W Madison, Suite 3150
Chicago, IL 60661-4580
**By First Class U.S. Mail**

Progressive Insurance
c/o NCO Financial
99 P.O. Box 15636
Wilmington, DE 19850-5636
**By First Class U.S. Mail**

Progressive Insurance Company
c/o Credit Collections
P.O. Box 9134
Needham, MA 02494-9134
**By First Class U.S. Mail**

Rubinstein Lumber Co.
5357 W. Grand Ave.
Chicago, IL 60639-3009
**By First Class U.S. Mail**

Sharon Haldes
2540 N. Burling
Chicago, IL 60614-2510
**By First Class U.S. Mail**

Commonwealth Edison
440 S LaSalle St
Chicago, IL 60605-1028
**By First Class U.S. Mail**

Cook County Treasurer
118 N. Clark - Ste. 112
Chicago, IL 60602-1590
**By First Class U.S. Mail**

City of Chicago-Dept. of Finance
Accounts Receivable Division
City Hall, Room 107A
121 North LaSalle St
Chicago, IL 60602-1288
**By First Class U.S. Mail**

Bank of America
P.O. Box 982238
El Paso, TX 79998-2238
**By First Class U.S. Mail**

Dept of Education/ Nelnet
PO Box 740283
Atlanta, GA 30374-0283
**By First Class U.S. Mail**

Chicago Title Land Trust
10 South LaSalle Street, Suite 2750
Chicago, IL 60603
**By First Class U.S. Mail**

City of Chicago
Department of Water
333 S State St, #410
Chicago, IL 60604-3983
**By First Class U.S. Mail**

                    _____/s/ Ariel Weissberg_____
                                  Ariel Weissberg

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | **Case No. 12-20050** |
| **GEORGE HALDES,** | ) | **Hon. Janet S. Baer** |
| | ) | **Hearing Date: May 24, 2016** |
| Debtor. | ) | **Hearing Time: 9:30 a.m.** |

**MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE**

NOW COMES Debtor, George Haldes, Debtor and Debtor-in-Possession herein ("George" or the "Debtor" ), by his attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd., and as George's *Motion for Entry of a Final Decree Closing Case* (the "Motion"), states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 105(a), 350, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3022, 9007, and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 1017-3 and 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

**Background and Procedural History**

1.	On May 16, 2012, George filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code.

5.	On September 16, 2013, this Court entered the *Order Confirming Plan* (the "Confirmation Order") [Docket No. 398], pursuant to which the Debtor's *Sixth Modified Chapter 11 Plan of Reorganization* (the "Plan") was confirmed.

6.	Since the date the Plan was confirmed, the Debtor has worked diligently to implement the Plan.

7.	As of the date of this Motion, the Debtor has performed under the Confirmation Order.

**Relief Requested and Basis for Relief**

8.	Through this Motion, the Debtor requests that the Court issue a final decree closing the Debtor's estate as provided for in Bankruptcy Rule 3022.

9.	Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Bankruptcy Rules, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

10.	The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been

fully administered: (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been finally resolved.

11. These six factors set forth above are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See, In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings should not be enough to prevent closure of a bankruptcy case. *See e.g., In re JMP-Newcor International, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (where the only maters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor International*, 225 B.R. at 465.

12. Here, the Debtor's case has been fully administered within the meaning of Section 350 of the Bankruptcy Code. Thus, it is appropriate for the Court to enter a final decree closing the Chapter 11 case.

13. The Confirmation Order became final and non-appealable on or about January 15, 2010. Furthermore, the Plan has been substantially consummated.

14. If this Court leaves the Debtor's case open, the Debtor will incur substantial quarterly United States Trustee fees pursuant to 28 U.S.C. § 1930. These quarterly fees are an

inefficient use of estate resources. Accordingly, there is ample justification for entry of a final decree closing the Debtor's case at this time.

### Notice

15.    Notice of this Motion has been to the United States Trustee and all creditors and parties-in-interest.

### No Prior Relief

16.    No previous request for the relief sough herein has been made to this or any other Court.

WHEREFORE, Debtor, George Haldes, respectfully requests that the Court enter an Order approving a final decree in the Debtor's bankruptcy case; and for such other and further relief as this Court deems just and proper.

**GEORGE HALDES,** Debtor


By:___/s/ Ariel Weissberg_____
One of his attorneys


Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 06314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois  60605
T.  312-663-0004
F.  312-663-1514
Email: ariel@weissberglaw.com